B & C PLAYLANDS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
B&C Playlands, Inc. v. Commissioner
Docket No. 218-87R.
United States Tax Court
T.C. Memo 1987-338; 1987 Tax Ct. Memo LEXIS 339; 53 T.C.M. (CCH) 1324; T.C.M. (RIA) 87338; July 9, 1987. *339 A petition for declaratory judgment under section 7476 was received and filed on the 98th day after R mailed a final adverse determination letter. The envelope in which the petition was contained was not postmarked. Held, R's Motion to Dismiss for Lack of Jurisdiction granted; P failed to prove that the petition was timely mailed. Richard L. Keschner, for the petitioner. Steven W. Inacone, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction was assigned for hearing, consideration, and ruling, thereon. [1]
Respondent issued a final adverse determination letter to petitioner, on September 29, 1986, in which respondent determined that petitioner's pension plan did not meet the requirements of section 401(a). The letter was mailed to petitioner by certified mail on *340 September 29, 1986. Pursuant to this letter, petitioner filed a petition for declaratory judgment. [2] The petition was filed on Monday, January 5, 1987, which date is 98 days after the date of the final adverse determination letter. The envelope in which the petition was contained does not bear a U.S. Postal Service postmark. The 91st day after the final adverse determination letter was mailed was Monday, December 29, 1986. Respondent moved to dismiss this case on the ground that the Court is without jurisdiction because the petition was not filed within the time prescribed by section 7476(b). Petitioner and respondent agree that the time period for filing a petition under this section is 91 days. [3] As a general matter, if a petition is received after the date on which it is required to be filed, the petition is deemed filed when mailed if the requirements of section 7502(a) are satisfied. . Since the petition in this case was not received by the Court within the time it was required to be filed, petitioner must rely on *341 section 7502. In a situation where there is an illegible postmark or no postmark, petitioner is entitled to submit evidence to show that, in fact, the petition was timely mailed. . [4] The burden of proof is on petitioner to establish timely mailing. Section 301.7502-1(c)(1)(iii)(a), Proced. and Admin. Regs.; . In its Objection to Respondent's Motion, petitioner alleges that the petition was deposited in the mail on Monday, December 29, 1986 (the 91st day) and that, accordingly, the petition should be considered as timely filed under section 7502. In support of its argument, petitioner points out that the delivery time of a document mailed from the Court to the office of petitioner's counsel is the same as the delivery time of the petition to the Court. [5] While evidence of the time it took a letter mailed from the Court to reach petitioner's counsel in New York may be probative of the time it takes a letter mailed from Washington *342 to reach New York, it does not establish that the petition was timely mailed, see section 301.7502-1(c)(1)(iii)(a), Proced. and Admin. Regs.; , particularly so in light of the fact that other correspondence mailed by petitioner's counsel to the Court was received by the Court in a shorter period of time. [6] *343 In addition, respondent presented the affidavit of a Quality Control Manager for the New York Division of the Postal Service which stated that 100 percent of first class mail from New York destined for Washington, D.C. was delivered in three days. In order to eliminate the risk that a petition mailed by ordinary mail might not bear a postmark dated on or before the last date prescribed for filing, Congress provided in section 7502 for the acceptance of the date of registered mail and the date stamped on the sender's receipt for certified mail as the postmark date. It appears that petitioner did avail himself of this safety measure as the envelope containing the petition appears to have been mailed by certified mail. However, petitioner has not submitted to the Court a sender's receipt for certified mail bearing a timely postmark date. Accordingly, based on the entire record, we conclude that petitioner has failed to prove that the petition was timely mailed. See , affd. . In Wood, we granted respondent's Motion to Dismiss where the petition was four days late and the taxpayer *344 failed to produce a sender's receipt for certified mail bearing a timely postmark, or otherwise produce evidence from which we could reasonably conclude that the petition was timely mailed. We note that in similar circumstances where a petition was received two days late and the taxpayer failed to produce evidence as to the date of mailing, we granted respondent's Motion to Dismiss. . Based on the foregoing, respondent's Motion to Dismiss for Lack of Jurisdiction, filed March 5, 1987, will be granted. An appropriate order will be entered.
Footnotes
1. This case was heard pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing the petition herein, petitioner's principal place of business was Pittsburgh, Pennsylvania.↩
3. See . ↩
4. See also ; .↩
5. A notice of filing, dated Friday, March 20, 1987, was mailed from the Tax Court in Washington, D.C. and received at the office of counsel for petitioner on Thursday, March 26, 1987. Respondent submitted an affidavit of a U.S. Postal Service official to the effect that the notice took six days to reach New York from Washington, D.C. because it was misdirected to Santa Ana, California and from there was properly forwarded to New York. ↩
6. A letter, dated January 30, 1987, from petitioner's counsel to the Tax Court was postmarked on Saturday, January 31, 1987, and stamped as received by the Tax Court mailroom on Tuesday, February 3, 1987. Further, the envelope in which petitioner's Objection to Respondent's Motion was contained bears a U.S. Postal Service postmark from New York of Friday, April 3, 1987, and the Objection was filed by the Tax Court on Tuesday, April 7, 1987.